### PAYNE *v.* POWER *et al.*

A pledgor is not entitled to recover his pledge of his pledgee's assignee, unless he pays the debt secured by the pledge, or tenders payment, or the facts excuse a tender. An allegation of an offer to pay is not the equivalent of a tender.

OCTOBER 15, 1913.

Complaint. Before Judge Gilbert. Muscogee superior court. September 26, 1912.

*Wynn & Wohlwender* and *Battle & Hollis,* for plaintiff.
*McCutchen & Bowden,* for defendants.

EVANS, P. J. J. M. Payne filed his petition against John Power and Frank G. Power, setting up that on or about the 6th of June, 1911, he was indebted to the Bank of Phenix City, Alabama, in the sum of $1,500, and desired to borrow such sum for the period of six months. Plaintiff was informed by the cashier of the bank that the defendant, John Power, had $1,500 which he was authorized to loan, and the plaintiff agreed to substitute John Power as his creditor instead of the bank, and was presented a note by the cashier, which he signed. Plaintiff had been president of the Bank of Phenix City, and had for many months sustained confidential business relations to the cashier, and thus, relying upon the cashier, he did not read the note that he signed, which was made due one month after date. As collateral to secure the payment of the note, plaintiff pledged thirty shares of the capital stock of the Bank of Phenix City, of the par value of $3,000, and the reasonable market value of $3,300. The plaintiff further alleged that he heard nothing further of said note until March, 1912, when he was advised

by an attorney at law claiming to represent Frank G. Power, that he "held the said note for adjustment." Petitioner then learned for the first time that the note signed by him had been made due thirty days after date, and that the defendant John Power pretended to have privately, and without notice to petitioner, sold to the defendant Frank G. Power, and the latter pretended to have purchased, petitioner's note and stock. It was charged that there was no bona fide sale of the note and stock, and that the pretended sale was a scheme between the defendants (who are brothers) to defraud petitioner out of his stock. The 10th paragraph of the petition was as follows: "Said defendants failed and refused to surrender to your petitioner his note given as aforesaid and to account to petitioner for the overplus from the sale of his said stock after the discharge of his obligation as aforesaid, though often requested so to do, and defendants failed to permit and allow your petitioner to pay his said note, together with interest thereon, according to the true contract and agreement at the time the same was executed, and to surrender the same to petitioner, together with his stock pledged as collateral security as aforesaid." It was charged that the defendants had appropriated to their own use a dividend on said stock amounting to $210, which sum should be entered as a credit on the note. It was alleged, that the transaction was a scheme between the cashier, in the alleged substitution of John Power for the bank as his creditor, and the two defendants, to defraud the plaintiff of his bank stock; that the plaintiff has always been ready, able, and willing to pay the obligation, and would have at any time paid the same had he been notified of the maturity of the note, and "petitioner makes a continuing offer to pay his said note," with interest thereon. The prayers were, that the defendants be required to surrender the bank stock upon the payment of the note, or, if the defendants can not surrender petitioner's stock, then petitioner prays judgment for the difference between the amount due on his note and the reasonable and fair market value of his stock, and that his note be surrendered and canceled. The petition was dismissed on demurrer, and the plaintiff excepts.

It will be noticed that the allegation respecting the sale of the collateral is not a charge that the creditor sold the pledge without notice, but that he sold the note with the collateral. The creditor

is not charged with an act having for its purpose the sale of the pledge in satisfaction of the debt; he is charged with selling the note and the collateral. Surely no one will dispute the right of assignment of a note secured by collateral. In a prior allegation the plaintiff says that the assignee's attorney notified him that he held the note for adjustment; not that he was attempting to collect any balance that might be left after crediting the proceeds from the sale of the pledged stock. Plaintiff's allegation concerning the execution of the note does not even raise an imputation of actionable fraud against either defendant. The petition, when reduced to its last analysis, complains that the plaintiff, in consideration of John Power's paying his indebtedness to the bank, gave to him a note for the amount paid, with certain stock as collateral, which note and collateral John Power has conveyed to his brother Frank, and that the latter is trying to collect it. The plaintiff says that he has not been permitted to pay his note, but is willing to pay it. The law looks more to acts than good intentions; the plaintiff should have tendered his indebtedness to the holder of his note and stock, or have alleged facts excusing a tender, before complaining that his creditor is withholding stock voluntarily pledged to secure his debt. The demurrer was properly sustained.

*Judgment affirmed. All the Justices concur.*