BYRD *et al. v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

ATKINSON, Justice. 1. "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." Code of 1933, § 81-110. An equitable amendment to a pending suit upon a promissory note was filed by a foreign corporation. To this amendment was attached an affidavit of Mark Cauble, in which he stated "that he is the manager of the Winston-Salem Branch Office of the Mortgage Loan Department of the Prudential Insurance Company of America, and in such capacity he has authority to make this affidavit; that he has read the above and foregoing equitable amendment and exhibits thereto, and that the allegations contained therein are true and correct, to the best of his information and belief." *Held:*

(a) This was not positive verification as contemplated by the above section of the Code.

(b) At an interlocutory hearing for receiver the court erred in admitting in evidence in behalf of the plaintiff the equitable amendment supported by this affidavit, over appropriate objection by the defendant.

(c) The foregoing ruling accords with the decisions in *Loeb* v. *Smith,* 78 *Ga.* 504 (3 S. E. 458), *Landrum* v. *Landrum,* 159 *Ga.* 324 (125 S. E. 832, 38 A. L. R. 217), *Roberts* v. *Roberts,* 180 *Ga.* 671 (3) (180 S. E. 491), and similar cases in which a different result was obtained where the allegations were positively sworn to.

2. The action of the court at the conclusion of the evidence in causing an appraisal to be made of the value of the property and considering the appraisal in deciding the case was not cause for reversal at the instance of the defendant, who did not object to the action of the court in causing the appraisal to be made and considering it as evidence, having for the first time complained by assigning error in the bill of exceptions on the order appointing a receiver.

3. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Code of 1933, § 20-116. The allegations contained in paragraphs 6 and 9 of the defendants' answer, and the evidence in support thereof offered by the defendants and not contradicted by the evidence of the plaintiff, demanded a finding in favor of the defendants that there was such departure from the original contract and expenditure of money by the defendants on the strength of such mutual departure as would entitle the defendants to reasonable notice of the plaintiff's 'intention to return to the terms of the original contract before declaring the entire debt due and proceeding to bring suit for the amount of the debt.

4. The court erred in appointing a receiver.

*Judgment reversed. All the Justices concur.*

No. 11149. JULY 15, 1936. REHEARING DENIED JULY 27, 1936.

802

803

*R. B. Blackburn,* for plaintiffs in error. *A. M. Hitz,* contra.