21899. CROCKETT et al. v. OLIVER, Administrator, et al.

CANDLER, Justice. A petition for equitable relief which Moody B. Oliver, individually and as temporary administrator of the estate of Mrs. J. B. Oliver filed against C. C. Crockett, a resident of Laurens County, and Charles M. Smith and Hazel Oliver Smith, as residents of North Carolina, alleges: Petitioner is the son of J. B. Oliver and Mrs. J. B. Oliver. Mrs. J. B. Oliver died July 10, 1957, and J. B. Oliver died on November 12, 1957. During her life and on January 3, 1955, Mrs. J. B. Oliver borrowed $1,500 from Morris State Bank and conveyed to it by a security deed, which contains a power of sale, certain land in Laurens County and petitioner repaid all of the loan except $700. The defendant Charles M. Smith paid the balance due on such debt and the bank transferred and assigned its note and security deed to him, and he is under the terms of the security deed advertising the property for public sale on February 7, 1962, and will sell it at that time unless enjoined from doing so. It is also alleged that petitioner stands ready, able and willing to pay the defendant Charles M. Smith his $700 plus interest and any cost of transfer of said note and security deed to him and his offer of payment has been continuous since the note and security deed were transferred and assigned to him. There is a prayer that he be enjoined from making the sale. The petition further alleges that J. B. Oliver executed a will on July 13, 1957, in which he bequeathed substantially all his property to the defendant Hazel Oliver Smith and nominated the defendant C. C. Crockett to be the executor of his estate; that his will was probated in common form in the Court of Ordinary of Laurens County on November 27, 1957, and Crockett qualified as executor. It is further alleged that J. B. Oliver lacked sufficient mental capacity to make a valid

will; that his signature thereto was obtained by fraud; and that the defendants, though requested to do so by the petitioner, have refused to offer his will for probate in solemn form so as to afford him an opportunity to show its invalidity and there is a prayer that the purported will of J. B. Oliver be declared null and void. The petition further alleges that the defendant Charles M. Smith paid off and took a transfer and assignment of the note and security deed which Mrs. J. B. Oliver gave Morris State Bank as a part of a scheme on the part of all of the defendants to defraud other heirs of her estate and there is a prayer that he be enjoined from transferring or assigning such note and deed to any person. The petition also alleges that all of the defendants are insolvent and that the petitioner has no adequate remedy at law. There was no demurrer to the petition on the ground of multifariousness. General demurrers to the petition were overruled and the defendants excepted to those judgments. *Held*:

1. "Under the codified, long-recognized maxim that 'he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit' (*Code* § 37-104), a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Oliver v. Slack*, 192 Ga. 7 (14 SE2d 593). The same rule applies where one standing in the place of the borrower seeks an injunction to prevent a transferee or assignee of such deed from selling the property for the purpose of satisfying the secured debt. In this case the petition shows that there is an unpaid balance due on the secured debt and the allegation that the petitioner "stands ready, able and willing to pay to the said Charles M. Smith his $700 plus interest and any cost of transfer of said note and security deed to him" does not show an actual tender of the balance due on such debt. *Code* § 20-1105; *Angier v. Equitable Building &c. Assn.*, 109 Ga. 625 (2) (35 SE 64 ); *Payne v. Power*, 140 Ga. 759 (79 SE 771); and *Forrester v. Lowe*, 193 Ga. 469, 474 (15 SE2d 719). This being true, the petition fails to allege facts which would authorize a court of equity to enjoin the defendant Charles M. Smith from proceeding with his sale of the property conveyed by Mrs. Oliver's security deed.

2. "Courts of Ordinary have authority to exercise original, exclusive and general jurisdiction of the following subject-matters: 1. Probate of Wills . . ." *Code* § 24-1901. The petition alleges that a purported will of J. B. Oliver was probated in common form in the Court of Ordinary of Laurens County but "defendants" refuse to offer it for probate in solemn form and thus afford the petitioner an opportunity to show its invalidity resulting from the maker's mental incapacity to execute a will. This allegation shows no cause for equitable relief. The petitioner as a son of J. B. Oliver should have applied to the ordinary for a citation calling on the propounder to prove the will in solemn form and by a caveat in that proceeding he could have questioned the validity of J. B. Oliver's will. *Abercrombie v. Hair*, 185 Ga. 728, 731 (196 SE 447); and *Turner v. Turner*, 210 Ga. 586 (82 SE2d 137).

3. No facts are alleged in the petition which would authorize a court of equity to enjoin the defendant Charles M. Smith from transferring the note and security deed which he purchased from the Morris State Bank.

4. Since the petition states no cause of action for any of the relief sought, it should have been dismissed on general demurrer.

*Judgment reversed. All the Justices concur.*

Submitted January 15, 1963—Decided February 7, 1963.

*Jones & Douglas*, for plaintiffs in error.

