23642. BUDREAU v. CRAWFORD et al.

Argued September 12, 1966—Decided November 10, 1966—Rehearing denied November 23, 1966.

718

*Kravitch, Garfunkel & Hendrix, Sylvan A. Garfunkel,* for appellant.

*John R. Calhoun,* for appellees.

QUILLIAN, Justice. 1. The petition contained prayers that the defendant trustee be restrained from selling the lands originally owned by the plaintiff under the power contained in the security deeds held by the trustee, settlor or principal, John W. Lake, and the further prayer that the defendant be restrained from distributing the money derived from the sale.

The affidavit made by counsel for the purpose of showing what transpired subsequently to the dissolution of the original order restraining the sale shows that, subsequent to the injunction hearing, the sale was conducted as though no suit for injunction had been filed; that the lands were purchased by Mrs. Lillian Lake, as executrix of John W. Lake's estate. The affidavit, however, states that there was no distribution of the money derived from the sale because none was paid, and concludes that it was not necessary since the lands were bought by Mrs. Lake in her capacity as executrix of John W. Lake who was the holder of the security deeds containing the power under which the sale was conducted.

In these circumstances it does not appear that the sale is an accomplished fact, because, where there is a contest as to whether the plaintiff or the executrix of John W. Lake's estate is entitled to the proceeds of the sale, title could not pass from the trustee to the executrix who bid the property in until the latter paid the purchase money. So, we do not consider the case moot and must decide whether the plaintiff's pleadings and proof demanded a temporary injunction in his favor to restrain the sale of the property and distribution of the funds arising from the sale.

2. The first ground upon which the plaintiff asserts he is entitled to the temporary injunction was that John W. Lake

and certain associates, not parties to the case, induced him, through false representations as to their wealth, experience and the potential profits certain to be realized in developing and selling the lands owned by him in Chatham County, to enter with them upon the venture and to accomplish this common purpose to sell his lands to the Florida-Georgia Land Holding, Inc., for stock in the corporation and to agree in writing that the deed to secure the corporation's debt for the purchase money be subordinated to the lien of deeds to Lake to secure a loan from him for $170,000. The evidence submitted upon the hearing for temporary injunction did not support the contention. The proof submitted simply showed the organization of the corporation, the election of the plaintiff, first as the president and then to another office, and various proposals of the stockholders as to the most judicious manner of obtaining and spending money in the corporation's interest.

3. The second ground upon which the plaintiff contends the trial judge should have granted the temporary injunction was that the corporation's deed to Lake was executed by persons on behalf of the corporation who were not authorized by the corporation's bylaws to perform that function and that they acted without authorization of the corporation's stockholders. The deed was signed for the corporation by the secretary and attested by the treasurer. The bylaws provide: "The president shall sign and the secretary shall attest all notes, agreements and other instruments in writing made and entered into for or on behalf of the corporation. . ." Not all of the minutes of the stockholders were introduced into evidence and the question is not clear as to just what action was taken in reference to incurring the loan, although in various meetings of the body the loan was discussed in connection with the disposition of the money received from Lake.

"Generally, where there has been a waste or misapplication of the corporate funds by officers or directors of the company or others, a suit to compel them to account for such waste or misapplication should be brought in the name of the corporation, unless it appears that the directors refuse to prosecute the suit, or that the directors are the parties who made themselves an-

swerable for the loss. Where suit is brought by stockholders, the corporation should be before the court and should be made either a party plaintiff or defendant; and the suit must be brought for the benefit of the corporation." *Greenwood v. Greenblatt,* 173 Ga. 551 (3a) (161 SE 135). It is not necessary, for reasons presently stated, to decide whether the rule should be applied in the present case. This is true because the record indisputably shows the corporation in due course received the $170,000 from Lake and used the same, a substantial part of which, some $45,000, was paid to the plaintiff who has ever since retained about $25,000 and received the benefit of having $20,000 more paid on debts for which he alone was liable. The plaintiff was an officer of the corporation when the money was borrowed from Lake, and actually participated in directing the disbursement of the $170,000 the corporation received from Lake. He made no offer of restitution.

There is no more salutary principle of equity than, "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." *Code* § 37-104. For the plaintiff to retain Lake's money and at the same time protest the corporation's deed to secure the loan is invalid does not square with the requirement that he "do equity." See *Smith v. Merck,* 206 Ga. 361, 370 (57 SE2d 326); *Crockett v. Oliver,* 218 Ga. 620, 621 (1) (129 SE2d 806); *Smith v. Brown,* 220 Ga. 845 (142 SE2d 262).

In addition to this there was attached to the petition as an exhibit the contract between the plaintiff and Lake, long after the loan was made, which provided: "Budreau agrees to acknowledge the validity of said mortgages subject to an audit. John W. Lake agrees to extend these mortgages from one year from the present due date." Obviously the audit could serve no purpose except to establish the amount due on the notes given for the loan and the contract definitely committed the plaintiff to the validity of the Lake deeds.

4. Relying upon a clause of the sale agreement mentioned in the previous division of the opinion, the plaintiff insists Lake agreed to defer foreclosure of the deed given to secure the corporation's debt to him until an audit was made. There is

no such provision in the contract. It does no more than consent that the due date of the debt be deferred for one year "from the present due date" which period had long expired before the foreclosure advertisement was published. The contract does provide simply: "Budreau agrees to acknowledge the validity of said mortgages subject to an audit. . . Lake agrees for examination of all records to determine the exact amount of mortgages amounts due to him for moneys advanced." No obligation was assumed by either party to procure the audit, but under the quoted provision the privilege was simply extended to both the plaintiff and Lake to have an audit made. By the terms of the contract, neither was obligated or bound to avail himself of this privilege.

5. The plaintiff correctly contended in the hearing before the chancellor the defendant trustee was advertising, along with the other lands described in the security deed, a part of his land that had been reconveyed to him in a quitclaim deed from Lake. The plaintiff now insists the judge erred in not granting a temporary injunction to, at least, restrain the sale of this land. However, it appears from the record that when the question arose the judge, sitting as chancellor in equity, exacted of the defendant trustee the promise that he would not sell such property and, upon the faith of this promise, denied the temporary injunction. The applicable pronouncement of this court is contained in *Behn & Foster v. Young & Co.*, 21 Ga. 207 (5): "It is good ground to refuse an injunction, if the party against whom it is moved propose in the presence of the chancellor to do all that a court, on the most favorable construction of complainant's case, ought to decree for him, provided he complies with his proposition." The record shows the property was not sold. This case is within the holding above quoted.

*Judgment affirmed. All the Justices concur.*