### 24787.   BUDREAU v. LAKE.

UNDERCOFLER, Justice. This is the second appearance of this case. See *Budreau v. Crawford,* 222 Ga. 716 (152 SE2d 398). Plaintiff brought suit to recover certain real estate purchased by the defendant at a foreclosure sale of a security deed. The petition alleges that the security deed had been given to the defendant's husband who had released the said real estate from its lien by a subsequent contract with the plaintiff. The trial court dismissed the petition on demurrer and the appeal is from that judgment. *Held:*

We have carefully reviewed the contract relied upon by the plaintiff and find that it does nothing more than defer the debt of the security deed for one year and that this period had long expired before the foreclosure proceedings were instituted. See *Budreau v. Crawford,* 222 Ga. 716, 721, supra, where the same contract was construed by this court to have the same meaning. Accordingly, the validity of the lien of the security deed was not impaired or released by said contract and the plaintiff, admitting otherwise a valid foreclosure of the security deed, negatives the fact that he has title to

support this action. See *Glover v. Cox,* 130 Ga. 476 (61 SE 12) ; Powell, Actions for Land (Rev. Ed.) 470, § 391.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1968—DECIDED SEPTEMBER 24, 1968— REHEARING DENIED OCTOBER 10, 1968.

*Aaron Kravitch, Robert J. Duffy,* for appellant.
*John R. Calhoun,* for appellee.