## 31344. GUNTER et al. v. TUCKER FEDERAL SAVINGS & LOAN ASSOCIATION et al.

GUNTER, Justice.

Appellants Gunter and Cole come here for review of a summary judgment rendered against them and in favor of the appellees, Tucker Federal and Mr. Roupe. Gunter was the owner of the realty involved in this case. Tucker Federal was the holder of a first-lien security deed properly recorded. Appellant Cole was the holder of a second-lien security deed on the realty. Tucker Federal foreclosed on its first-lien security deed under its power of sale, and Roupe was the purchaser at the foreclosure sale. Roupe brought dispossessory proceedings to obtain possession of the realty and was issued a writ of possession. Gunter and Cole then brought their complaint against the appellees to set aside the foreclosure sale, the deed under power of sale to Roupe, and the writ of possession in favor of Roupe.

The one enumerated error of the appellants contends that the conduct and terms of the non-judicial sale of the real property under power of sale was so grossly inequitable and unconscionable as to authorize a court of equity to set aside the sale.

The record shows that the foreclosure sale was properly conducted in accordance with legal requirements. Appellants' contention is that the purchase price paid for the realty at the foreclosure sale was grossly inadequate in relation to the fair market value of the realty.

It is clear that the owner of the realty, Gunter, had actual notice and published notice of the foreclosure sale. Under the law of this state the holder of the second-lien

security deed was not entitled to notice of the foreclosure sale other than that published once a week for four weeks. Both appellants attempt to distinguish the instant case from that of *Giordano v. Stubbs,* 228 Ga. 75 (184 SE2d 165) (1971), but their attempt fails. We can see no difference, factually or legally.

"Inadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale." *Giordano v. Stubbs,* supra, Hn. 3. This record shows no other reason for a court of equity to set aside the foreclosure sale and the deed made pursuant thereto.

The judgment of the trial court was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1976 — DECIDED OCTOBER 26, 1976.

*G. Hughel Harrison, Thomas J. Anderson,* for appellants.

*Pat Garner, Alford & Hamilton, Walter C. Alford,* for appellees.