## 33276. CURL v. FEDERAL SAVINGS & LOAN ASSOCIATION OF GAINESVILLE et al.

HALL, Justice.

Appellant is seeking to set aside the foreclosure sale of her house, which resulted in the loss of her substantial equity in the property. The trial court granted summary judgment to the defendants. In our opinion there are triable issues of fact, including but not limited to those discussed below, and we reverse.

Appellant contends that a quasi new agreement had been formed in the course of the execution of the loan contract. Code § 20-116. First Federal had accepted late and irregular payments for several years, preferring to contact appellant and convince her to make up the defaults (at least in part). No notice was given of First Federal's intention to insist on compliance with the exact terms of the agreement prior to a letter dated October 28, 1976, in which the Savings & Loan Association accelerated the balance of the debt. In this letter First Federal offered to reinstate the loan on payment of

$260.79 plus a $25 late charge. Appellant paid what she believed was past due ($210) on November 9th, and First Federal accepted the payment. Nevertheless, First Federal forwarded the account to an attorney for collection that day, and the house was sold resulting in the loss to appellant of most of her (allegedly) more than $20,000 equity.

Appellant argues that the Savings & Loan had accepted similar late payments and reinstated the loan on prior occasions, and that this created a quasi new agreement to work out defaults without foreclosure. She believed that by accepting the $210 payment First Federal agreed to reinstate the loan on this occasion. First Federal's own evidence shows that prior defaults had been handled in a similar manner.

Appellees have failed to establish the nonexistence of any essential element of appellant's cause of action under Code § 20-116. *Verner v. McLarty,* 213 Ga. 472 (99 SE2d 890) (1957); *Byrd v. Prudential Ins. Co. of America,* 182 Ga. 800 (3) (187 SE 1) (1936); *Prothro v. Walker,* 202 Ga. 71 (42 SE2d 114) (1947). Moreover, there is a dispute as to whether appellant was given reasonable notice of First Federal's intention to return to the exact terms of the agreement. Reasonable notice requires more than the assertion of an acceleration clause, for the other party must be given a reasonable opportunity to cure any deviations from the exact terms before foreclosure can be commenced due to defaults which were tolerated under the quasi new agreement.

In light of the fact that this case must be remanded for trial, we express no opinion as to the merits of appellant's arguments under Code § 37-607. See *Delray, Inc. v. Reddick,* 194 Ga. 676 (22 SE2d 599) (1942).

*Judgment reversed. All the Justices concur, except Bowles and Marshall, JJ., who dissent.*

ARGUED FEBRUARY 14, 1978 — DECIDED MARCH 8, 1978.

*G. Hughel Harrison, John F. Doran, Jr.,* for appellant.

*Telford, Stewart & Stephens, J. Douglas Stewart,*

*Walter W. Calhoun,* for appellees.

BOWLES, Justice, dissenting.

I cannot agree with the majority opinion in this case.

I conclude as a matter of law that the association complied with Code Ann. § 20-116 when it advised plaintiff in writing, demanding the loan be brought current in ten days. The amount demanded was not the full amount of the loan but the arrearage, and no payment had been made in over two months at the time of demand. No effort was made by plaintiff to comply with the written notice. Payment demand for the outstanding delinquent payments and advice that the contract would be reinstated upon receipt of payment is legal notice to return to the terms of the original agreement.

Bank checks are not payment until themselves paid. Code Ann. § 20-1004. Thus, the payment credited to plaintiff after the date of full acceleration could not reinstate the installment provisions of the original note.

After notice of return to the terms of the original contract is given and there is no compliance, demand is made for the full balance owed, and acceleration has occurred, a partial payment thereafter would not amount to a waiver of time of payment of an installment or a quasi new agreement for the reason that deferred payment times are no longer available to be waived. The whole debt is due, the contract provisions as to acceleration having been exercised at that time. *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164) (1942). See also *Giordano v. Stubbs,* 228 Ga. 75 (184 SE2d 165) (1971).

Inadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity. *Gunter v. Tucker Federal Savings &c. Assn.,* 237 Ga. 806 (229 SE2d 662) (1976); *Giordano v. Stubbs,* supra.

The due date of installments, deviated by mutual

departure, are restored by reasonable written notice. The acceleration clause is not altered where the demand for return to the original terms is not complied with. See *State Mut. Ins. Co. v. Strickland,* 218 Ga. 94 (126 SE2d 683) (1962).

A bona fide purchaser for value, without notice of an equity will not be interfered with by equity. Code Ann. § 37-111. If such is not the law, no one could ever safely bid at a properly advertised and conducted public sale, with the result that both parties, debtor and creditor will suffer.

Additionally, for plaintiff to resort to a court of equity she must offer to do equity. She tenders nothing and offers to tender nothing. She cannot prevail. Code Ann. § 37-104. *Cochran v. Teasley,* 239 Ga. 289 (3) (236 SE2d 635) (1977); *Wright v. Intercounty Properties,* 238 Ga. 492 (233 SE2d 160) (1977); *Crockett v. Oliver,* 218 Ga. 620 (1) (129 SE2d 806) (1963); *State Mut. Ins. Co. v. Strickland,* supra; *Clisby v. City of Macon,* 191 Ga. 749 (13 SE2d 772) (1941). The poverty of the plaintiff does not relieve her from the above requirement. See *Morrison v. Roberts,* supra.