In re NORTHWEST RECREATIONAL ACTIVITIES, INC., d/b/a Chattahoochee Plantation Club, Debtor in Case No. B79–2876.

Robmac, Inc., d/b/a Chattahoochee Plantation Club, Debtor in Case No. B79–2977.

CHATTANOOGA FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

NORTHWEST RECREATIONAL ACTIVITIES, INC., d/b/a Chattahoochee Plantation Club, Robmac, Inc., d/b/a Chattahoochee Plantation Club, Robert J. Butt, and William C. Ellis, Defendants.

Bankruptcy Nos. B79–2876, B79–2977. Adversary No. 79–0002A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Jan. 17, 1980.

See also Bkrtcy, 4 B.R. 36; 4 B.R. 43.

Mitchell, Clarke, Pate, Anderson & Wimberly, Atlanta, Ga., for plaintiff.

Herbert Broadfoot, II, and David Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for Northwest Recreational Activities, Inc. and Robmac, Inc.

James C. Bussart and Sherman C. Fraser, Atlanta, Ga., for L. M. Adamson.

Stacey W. Cotton, Atlanta, Ga., for R. Arnold Baker.

Donald E. O'Brien, Atlanta, Ga., for Robert J. Butt and William C. Ellis.

### ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

These Chapter 11 reorganization proceedings were filed under the Bankruptcy Reform Act of 1978 ("the Bankruptcy Code") on October 1, 1978. On October 10, 1979 Chattanooga Federal Savings and Loan Association ("Chattanooga Federal") filed its Complaint to lift the stay and for other relief against the debtor corporations and their two individual principals and owners. The Defendants moved the Court to dismiss the Complaint for failure to join indispensable parties under Bankruptcy Rule 719 and a hearing on this motion was held on November 5, 1979. Attending the hearing and being heard were counsel for all parties to the proceeding and separate counsel for R. Arnold Baker and L. M. Adamson, secured creditors.

There are five creditors secured by real property ("the Property") of which debtor Northwest Recreational Activities, Inc. is record owner and which debtor Robmac, Inc. operates as Chattahoochee Plantation Club. On the date the petitions for relief were filed the debtors were several months behind on payments to Chattanooga Federal, which has the first priority security interest in the Property to the extent of its current principal debt of approximately $1,175,000.00. Chattanooga Federal had accelerated its loan and advertised foreclosure sale of the Property for the next day, October 2, 1979.

The gist of Defendants' argument is that only one of these secured creditors, Plaintiff Chattanooga Federal, is a party to the proceeding to lift the stay and the granting of relief from the stay may as a practical matter impair or impede the other secured creditors' ability to protect their interest in the Property as contemplated by Bankruptcy Rule 719(a), thus the other secured creditors must be added as parties or the Complaint dismissed.[1]

The Complaint was filed under Section 362(d) of the Bankruptcy Code (11 U.S.C.A. § 362(d)), which provides in pertinent part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . .

---

1. Another secured creditor, Baker, is Plaintiff in a similar adversary proceeding to lift the stay. The hearing in the Baker proceeding was conducted simultaneously with that in this proceeding.

This Court ruled at a hearing held in this case on October 9, 1979 that under Bankruptcy Rule 701(6) the "request" called for by § 362(d) must be in the form of an adversary proceeding complaint and it was pursuant to this ruling that the complaint in question was later filed.

■ Subsection (a)(2)(i) of Bankruptcy Rule 719, based on Rule 19 of the Federal Rules of Civil Procedure, requires a person subject to service of process to be joined as a party if he claims an interest relating to the subject matter of the proceeding and is so situated that the disposition of the proceeding in his absence may as a practical matter impair or impede his ability to protect that interest.

It is not necessary that an absent person would be bound by the court's judgment in a technical sense for him to be a necessary party under Rule 719(a)(2). See 3A Moore's Federal Practice ¶ 19.07–1[2.–1], p. 19–132 (2d ed., 1979). But it is necessary for his ability to protect his interest to be impaired or impeded as a practical matter by his absence.

■ As between secured creditors in a real property senior creditor foreclosure situation, junior creditors' rights are only as protected under the foreclosure requirements of Georgia law. See Ga.Code Ann. §§ 67–1501 through 1506. See also *Gunter v. Tucker Federal Savings and Loan Association*, 237 Ga. 806, 229 S.E.2d 662 (1976), holding that under Ga.Code Ann. § 67–1506 junior lien holders and mortgagees are not entitled to any notice of sale except by publication. See generally Pindar, *Ga. Real Est. Law* §§ 21–56 through 21–90 (2d ed.). Lifting of the bankruptcy stay as to one creditor does not prevent other creditors from protecting their interests in property by bidding at a foreclosure sale. In this case, this is exactly the situation the junior creditors were in until, the day before the October 2, 1979 advertised sale day, the corporate debtors filed for relief in this Court. It is noted that three of the first four priority secured creditors, representing total secured debts of well over four fifths of the total secured debt of approximately

$2,009,000.00 were represented at the hearing and that another secured creditor, Thomas R. McDonald, had actual notice of the litigation, having been examined before the hearing pursuant to Bankruptcy Rule 205. The only secured party unaccounted for has a third priority debt of some $39,-000.00. This creditor was notified of the pendency of these bankruptcy cases.

■ The Court finds that as a practical matter the absence of the junior creditors as parties to this adversary proceeding does not affect their ability to protect their interests in the Property. Thus, although they certainly would be proper parties to this adversary proceeding, they are not necessary parties within the contemplation of Rule 719(a).

This result is entirely consistent with the nature of stay litigation as contemplated by the Bankruptcy Code. Section 362(d) is perhaps one of the most significantly important changes effected by the Code with regard to secured creditors, triggering an expedited hearing of a request for relief from the stay and automatic relief if the Court takes no action within thirty days after the request. See 11 U.S.C.A. § 362(e). The brevity of the time periods in stay litigation is said to underscore the informal nature of the litigation. 2 Collier on Bankruptcy ¶ 362.08[1], p. 362–51 (15th ed., 1979). Although under Bankruptcy Rule 704(f) service of process may be made by mail anywhere in the United States, unquestionably there are situations where service cannot be effected, as, for example, where a junior secured creditor cannot be located. Especially in light of the expedited nature of stay litigation called for under the Bankruptcy Code, the perhaps indefinite delay incident to bringing such creditors before the Court would contradict the underlying purpose of the provisions and work substantial injustice upon the creditor requesting relief.

Defendants' motion to dismiss the Complaint for failure to join indispensable parties is hereby denied.