## 59905, 59906. ADAMSON v. TRUST COMPANY BANK; and vice versa.

CARLEY, Judge.

Adamson financed the purchase of a truck through Trust Company Bank, executing a note to the Bank and granting a security interest in the truck. The note provided for 29 consecutive monthly installments of $138 each, commencing on February 1, 1974, and a final payment of $145.34 on July 1, 1976. By March 3, 1975, following a history of late and erratic payments which had been accepted by the Bank, Adamson had failed to make the monthly payments for December 1974 and January and February 1975. In addition, the payment for March 1975 which was due on the first day of that month under the terms of the note, had not been made. At that time the

Bank accelerated the balance due on the note without notice to Adamson. Thereafter, Adamson made three "payments" by check on the indebtedness, each in the amount of $138, on March 8, March 15, and March 20, 1975. On March 20, 1975, the Bank repossessed the truck.

On April 15, 1975, the truck was sold for $2,450. This amount (less $15 for expenses) was applied by the Bank to the net balance due on the indebtedness, $2,143.22. The excess amount, $291.78, was applied to a second note of Adamson held by the Bank, reducing the unpaid balance on this second note to $267.02.

Subsequently, Adamson filed the instant action, alleging the wrongful repossession of the truck and seeking damages in the amount of the value of the truck at the time of repossession, reasonable rental value of the truck from the time of taking until trial, and such other and further relief as the trial court might deem just and proper. The Bank answered, denying that the repossession was wrongful, and counterclaimed to recover on the two notes of Adamson that it held. At the conclusion of a bench trial, the court found the Bank had illegally repossessed the truck and awarded Adamson damages in the amount that the truck had brought at the sale, plus interest. As to the counterclaim, the court entered judgment for the Bank but found the two notes usurious and deducted the sum of finance charges, $678.72, from the amount of the Bank's recovery. Adamson appeals from the judgment entered in this case and the Bank cross appeals.

This appeal presents as its primary issue the lawfulness of the repossession of Adamson's truck. Therefore, we will consider first the Bank's argument that the trial court erred in finding that there was such a departure from the terms of the note and security agreement as to time and conditions of payment that a quasi new agreement was created and that Adamson was thus entitled to notice of the Bank's intent to rely on the exact terms of the original agreement before there could be a lawful repossession.

Resolution of this issue begins with the general proposition that "evidence of the buyer's repeated, late, irregular payments, which are accepted by the seller, . . . [creates] a factual dispute as to whether a quasi new agreement was created under Code Ann. § 20-116 . . ." *Smith v. General Fin. Corp. of Ga.*, 243 Ga. 500, 501 (255 SE2d 14) (1979). However, a review of the trial court's findings in the instant case demonstrates that the determination, that a quasi new agreement had been created between the parties and the consequent repossession was in wrongful violation thereof, is based, at least in part, upon a factual finding not authorized by the evidence, to wit: "Defendant [sic] [Adamson] was one payment behind to defendant

bank on the truck on March 20 [the date of repossession], and that was the March payment of $138.00." The uncontroverted evidence in this case is that the repossession of the truck was based upon the Bank's acceleration of the indebtedness on March 3, 1975, at which time Adamson was three months behind in his payments, not including the March 1975 payment which was also due at that time under the original terms of note. As previously noted, Adamson made three payments subsequent to the date of acceleration and such payments were accepted by the Bank. However, "the acceptance of partial payment by the bank did not nullify the acceleration of the debt nor the maturity of the remainder of the indebtedness. [Cit.]" *Philyaw v. Fulton Nat. Bank,* 139 Ga. App. 28, 30 (227 SE2d 811) (1976). Consequently, the trial court erroneously found Adamson was only one payment behind on March 20, 1975, the date of repossession.

"Ordinarily, findings of fact by trial courts sitting without a jury are binding on appeal. [Cit.] But, where findings of fact are 'clearly erroneous,' or wholly unsupported by the evidence, they may be set aside. [Cits.] And 'If the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed.' [Cit.]" *Lamas v. Baldwin,* 140 Ga. App. 37, 39 (230 SE2d 13) (1976). We cannot say that the erroneous finding of the trial court that Adamson was only one payment behind on March 20, 1975, the date of repossession, was immaterial as a matter of law in the court's conclusion that a quasi new agreement had been reached between the parties requiring the Bank to give Adamson notice of its intent to rely upon the exact terms of their original agreement before the Bank could accelerate the debt due to Adamson's default thereunder. It is undisputed that the alleged wrongful repossession of the truck was based upon Adamson's failure to make payments for more than three months and not his one-month arrearage prior to the repossession on March 20, 1975. It was this more-than-three-month default which triggered the Bank's decision to accelerate, which in turn led to the repossession and not the failure to pay the March 1975 installment. In determining whether or not a quasi new agreement was reached which would require the notice envisioned by Code Ann. § 20-116, the finder of fact would be restricted to the evidence of the course of dealings between the parties up to the date of acceleration. Thus, in the instant case the question is whether there existed a quasi new agreement between the parties such that the Bank would "tolerate" a more than three-month default and, therefore, entitling Adamson to reasonable notice of his opportunity to cure prior to a decision to accelerate. *Curl v. Federal Savings &c. Assn.,* 241 Ga. 29, 30 (244 SE2d 812) (1978). In short, whether or not there was a quasi new agreement

based upon the Bank's acceptance of late and irregular payments such that Adamson was entitled to notice that the Bank was going to accelerate for default, Adamson's three-month failure to make payments prior to acceleration on March 20, 1975, and not his mere failure to pay the March installment prior to March 20, 1975, is determinative. Any payments made by Adamson after the Bank's acceleration on March 3, 1975, must be considered as payments on the amount of the full indebtedness rather than installment payments made pursuant to any quasi new contract between the parties.

Because this erroneous finding may have been instrumental in the court's reaching its final conclusion and judgment, that judgment must be reversed. *Chatham v. World Arts &c. Center,* 147 Ga. App. 421 (249 SE2d 155) (1978). It is conceivable that a correction of the erroneous finding may alter other findings of fact (e.g., that a quasi new agreement had been created) and, thus, may or may not affect the determination as to the propriety of the repossession made pursuant to the acceleration after a three-month failure to make payments.

On cross appeal, the bank urges that as to its counterclaim the trial court erred in finding the contracts to be usurious and in prohibiting the Bank from collecting any interest or finance charge. At trial, counsel for the Bank stipulated that the Rule of 78's method was utilized to compute unearned interest upon acceleration of the indebtedness. This court has previously held that upon acceleration after an alleged default, rebate of interest in a retail installment contract must be made on a proportional basis. *Cook v. First Nat. Bank,* 130 Ga. App. 587 (2) (203 SE2d 870) (1974). See *Garrett v. G. A. C. Fin. Corp.,* 129 Ga. App. 96 (198 SE2d 717) (1973); *Credithrift of America v. Morris,* 147 Ga. App. 827 (250 SE2d 565) (1978). While the first note was accelerated prior to the half-way point in the contract, less than $100 of the total $540.96 finance charge was refunded. There is evidence in the record that Adamson was not refunded any interest when the Bank accelerated the second note. Thus, there was ample evidence to support the trial court's finding usurious both contracts which were the basis for the Bank's counterclaim. Therefore, pursuant to Code Ann. § 96-1008 (b) with respect to the first note and Code Ann. § 57-112 with respect to the second, the trial court correctly concluded that the Bank forfeited its right to interest on the two notes.

We find without merit the Bank's contention that the trial court was without authority to credit Adamson's account and reduce the Bank's recovery by the amount of the finance charges because the statute of limitation had expired. While Adamson could not sue to

recover usurious interest or plead such interest as a setoff to a claim for a separate debt after more than twelve months expired, he could assert usury as a defense to a claim on the usurious debt or some extension thereof. *Thomas v. Estes,* 139 Ga. App. 738, 740 (229 SE2d 538) (1976). Therefore, the trial court did not err in finding the contracts to be usurious or in applying the appropriate penalties for breach of the applicable statutes.

The remaining enumerations of error may be mooted upon the trial court's reconsideration of the case. We remand the case to the trial court with direction that it correct its findings to conform to the evidence and then, after taking into consideration the corrected finding, enter a new judgment. See *Gates v. Aetna Ins. Co.,* 128 Ga. App. 546 (197 SE2d 381) (1973).

*Judgment affirmed in part; reversed in part and remanded with direction. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 13, 1980 — DECIDED
SEPTEMBER 9, 1980.

*Graydon W. Florence, Jr.,* for appellant.
*Bernard Parks, Willie Edward Robinson,* for appellee.