## 68097. GREGORY v. TRUPP.

MCMURRAY, Chief Judge.

Plaintiff, a tenant of the Altama Apartment Complex located in Glynn County, Georgia, brought suit for damages against defendant, one of the partners in a partnership which owns and operates said complex. Specifically, plaintiff contends that on March 18, 1981, she was crossing a grassy area located adjacent to the complex when she stepped into a hole and sustained a serious injury to her left foot; that the defendant was the "occupier" of the vacant lot; that she (plaintiff) was lawfully upon the lot at the invitation of the defendant's partnership; and that the proximate cause of her injury was the negli-

gence of the defendant, to wit: in failing to maintain and repair the vacant lot in a proper manner, in failing to warn plaintiff of the hazardous nature of the lot when he knew or should have known of the existence of hidden holes on the lot; and in failing to exercise ordinary care for the safety of the plaintiff.

Defendant answered, denying any negligence on his or the partnership's behalf and further, asserted that the property on which plaintiff sustained her injuries was not owned, occupied or operated by either the complex or the partnership which owns and operates the complex. As such, defendant claimed that neither he nor the partnership owed any particular duty to the plaintiff.

On this basis, defendant filed a motion for summary judgment. The trial court, after considering the briefs and authorities submitted by counsel for the parties, granted defendant's motion, holding that "[t]he partnership of which the Defendant was a member was neither owner or occupier of the vacant lot where the Plaintiff sustained her injury [and that] [t]herefore, the Defendant, is under no legal duty to an invitee with respect to the condition or use of the vacant lot." From the grant of summary judgment in favor of defendant, plaintiff appeals. *Held*:

In her sole enumeration of error plaintiff contends the trial court "erred in holding that there was no overt manifestation of control by [defendant] over the property and in holding that [defendant] had no legal duty to [plaintiff]." Plaintiff asserts that summary judgment for the defendant should not have been granted as genuine issues of material fact exist as to whether defendant was negligent in failing "to exercise ordinary care in keeping the premises [i.e.; vacant lot] . . . safe." OCGA § 51-3-1 (formerly Code § 105-401). While plaintiff admits that defendant was not the owner of the vacant lot at the time she sustained her alleged injury upon it, she nevertheless contends that due to certain overt acts on the part of defendant or the partnership of which he belongs, there is a question of fact whether defendant exercised such control over the lot to become an "occupier of land" within the meaning of OCGA § 51-3-1, supra, and to warrant the imposition upon him of the reasonable care standard. There is merit to plaintiff's contention.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cit.]" *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429). Construed most favorably to plaintiff, the respondent to the motion, the evidence in the record showed that the defendant

had a verbal agreement with the owner of the vacant lot (Estate Life Insurance Company of America) to mow the grass thereon for $240 per year. The evidence further disclosed that the maintenance man for the complex regularly went upon the vacant lot to pick up trash, trim bushes, maintain shrubs, and pick up pine cones; that the resident manager for the complex had, on a number of occasions, ordered children off the vacant lot; that, on one occasion, the resident manager for the complex called the police and had them remove a boy from the vacant lot; and that the resident manager for the complex regularly went upon the lot to pick up trash. Based on this evidence, the trial court's finding that "[t]he only known relationship that existed between the vacant lot and the partnership was the oral contract between the owner of the lot and the partnership to mow the grass" was clearly erroneous. See *Adamson v. Trust Co. Bank*, 155 Ga. App. 646, 648 (271 SE2d 899). As such, whether the defendant exercised such control over the vacant lot to become an "occupier of land" within the meaning of OCGA § 51-3-1, supra, and if so, whether defendant was negligent in failing "to exercise ordinary care in keeping the premises [i.e., vacant lot] safe" (OCGA § 51-3-1, supra) are factual issues for determination by the jury. See *Scheer v. Cliatt*, 133 Ga. App. 702, 704 (2) (a) (212 SE2d 29); *Thompson-Weinman & Company v. Brock*, 144 Ga. App. 346, 348 (241 SE2d 279). Whether the defendant knew or should have known of the existence of holes on the vacant lot is also a factual issue for jury determination, there being some evidence in the record to show at least constructive knowledge on the part of the defendant. Accordingly, the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Sognier, J. concur.*

DECIDED JUNE 22, 1984.

*Edward E. Boshears*, for appellant.
*Richard A. Brown, Jr., John E. Bumgartner*, for appellee.