[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2007
THOMAS K. KAHN
CLERK

No. 06-16061
Non-Argument Calendar
_____

D. C. Docket No. 04-00079-CV-3

GENEVA L. WATKINS,

Plaintiff-Appellant,

versus

FARMERS & MERCHANTS BANK,
Laurens County, GA,
WALLACE E. MILLER,
CAPITAL CITY BANK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 27, 2007)**

Before ANDERSON, BLACK, and MARCUS, Circuit Judges.

PER CURIAM:

Geneva L. Watkins, proceeding without an attorney, appeals the district court's grant of summary judgment to Farmers & Merchants Bank ("FMB"), Wallace E. Miller (an officer of FMB), and Capital City Bank (a successor corporation to FMB) on her diversity action challenging the foreclosure of 15.34 acres of land she pledged in security as guarantor of multiple loans. On appeal, Watkins argues that the district court should not have granted summary judgment to the defendants because (1) the district court ignored the plain meaning of the underlying promissory notes and relied on inadmissible parol evidence in finding that the notes called for monthly installment payments rather than a single balloon payment at maturity, and (2) FMB, after accepting late and irregular payments, failed to give the reasonable notice Georgia law requires before returning to the exact terms of the notes. Watkins also argues that the district court erred in refusing as untimely her motion for leave to amend her complaint. We affirm.

We conduct a <u>de novo</u> review of a district court's order granting summary judgment, "applying the same legal standards as the district court." <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1023 (11th Cir. 2000) (<u>en banc</u>). The district court properly followed Georgia law in construing the terms of the notes. Under Georgia law, unambiguous contracts are interpreted according to their plain meaning, <u>Begner v. United States</u>, 428 F.3d 889, 1005 (11th Cir. 2005), and

2

without reference to parol evidence that may "add to, take from, or vary [the] written contract." Macon-Bibb County Indus. Auth. v. Nord Bitumi, U.S., Inc., 77 F.3d 417, 419 n.2 (11th Cir. 1996).

The promissory notes at the center of this dispute required 59 equal payments and a final, larger payment when the notes matured at the end of five years. The first payment and the last payment were due on the same day of the month. Both notes were entitled "Consumer Installment Note." The district correctly concluded that these terms created installment contracts calling for monthly payments with a final balloon payment at the end. Watkins's contrary reading derives solely from the loan officer's failure to specify the day of the month each installment was due. But because the instruments listed the same day of the month as the due date for the first and last payments, the only reasonable conclusion is that the interim monthly payments were due on the same day. There is simply no merit to Watkins's argument that the only due dates were the notes' maturity dates, and thus her contention that the loans were not in default when FMB foreclosed on her property must fail. We also reject the contention that the district court relied on parol evidence to construe the notes. The affidavits and banks documents Watkins cites as parol were used only to show that default had occurred—i.e., that the debtor had failed to make the required payments on each

3

note in July 2000—not what the instruments meant.

Watkins second argument against summary judgment is that, because FMB had accepted late payments in the past, she was entitled to reasonable notice from FMB of its intention to return to the strict terms of the notes before the bank could foreclose on her property. She cites the Georgia Supreme Court's decision in Curl v. Fed. Sav. & Loan Ass'n of Gainesville, 241 Ga. 29, 244 S.E.2d 812 (Ga. 1978), for support. We refuse to consider her argument that FMB's conduct established a "quasi new agreement." See id. at 30, 244 S.E.2d at 813. Watkins did not raise the argument in the district court, where she was represented by counsel, and so she has waived it on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."). We therefore affirm the district court's grant of summary judgment to the defendants.

We also find that the district court did not abuse its discretion by refusing to permit Watkins to amend her complaint. After responsive pleadings have been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Leave of court "shall be freely given when justice so requires." Id. However, a district court may deny a

motion to amend on numerous grounds, including undue prejudice to the defendant or the tardiness of the motion. Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). In this case, Watkins moved for leave months after the January 2, 2005 deadline for amendments. Although the court later granted an extension on all remaining deadlines, the date for making amendments was not a "remaining deadline"; it had already passed. Moreover, because Watkins's proposed amendment included new parties and a host of new claims, granting the motion after the close of discovery would have resulted in considerable prejudice to the defendants. And last, Watkins has not demonstrated good cause for departing from the district court's scheduling order. See Fed.R.Civ.P. 16(b); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")

Accordingly, after careful review of the record and consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**