SCHNUCK *et al. v.* WEST LUMBER COMPANY.

No. 16712. SEPTEMBER 16, 1949.

*Augustine Sams* and *Grigsby H. Wotton,* for plaintiffs.
*Herbert Johnson* and *Ross Arnold,* for defendant.

HEAD, Justice. Chester M. Schnuck, L. B. Schnuck, and T. J. O'Neil Jr. brought an equitable petition against West Lumber Company, a corporation, seeking to have declared null and void a sale of described real estate under a power of sale in a deed to secure debt. The trial judge overruled the general demurrer to the petition. In a former appearance of the case in this court, it was held that the petition failed to state any cause of action for equitable relief, and should have been dismissed on general demurrer. (For a statement of the pleadings in the case, and the rulings of this court thereon, see *West Lumber Co. v. Schnuck,* 204 *Ga.* 827, 51 S. E. 2d, 644).

After the decision of this court had been rendered, but before the remittitur was made the judgment of the lower court, the plaintiffs amended their petition, and alleged that the debt secured by the deed to secure debt was not due at the time the defendant commenced its foreclosure upon the property. The basis of this allegation was: (1) the original grantee in the deed to secure debt, Atlanta Federal Savings & Loan Association, had never paid the entire principal of the loan to the grantor, or to anyone in his behalf, there being a balance of $52.56 which had not been disbursed; and (2) under the defendant's agreement, set forth in the original petition, extending credit to the plaintiffs on building materials until the house under construction could be sold, the defendant was prevented from declaring any indebtedness upon the property due, and from foreclosing either a lien or a security deed under power.

In 36 Am. Jur. 883, § 389, it is stated: "The operation of an acceleration clause of a mortgage may be precluded by possession by the mortgagee of funds of the mortgagor sufficient to satisfy the matured portion of the obligation." In 59 C. J. S. 834, § 511 (b), it is stated: "The mortgagee [cannot] enforce the mortgage . . where he retains in his hands a part of the money which he was to loan or advance to the mortgagor and refuses to pay it over."

The allegation in this case, that $52.56 of a $10,000 loan had not been paid to the borrower, is not sufficient to show that the obligation was not in default at the time of the foreclosure. It is not alleged that the plaintiffs had attempted to procure the balance of the loan and that it had been refused them, nor is it alleged that the application of this sum of money to the payment of the debt would have prevented a default in payment. The allegations of the amendment in regard to the balance of the loan not disbursed are insufficient to show that the indebtedness was not due at the time of the foreclosure.

The other allegations of the amendment, in regard to the alleged contract, are controlled by rulings made in the former case.

The trial court did not err. in dismissing the petition as amended. *Judgment affirmed. All the Justices concur.*