21687.   STATE MUTUAL INSURANCE COMPANY et al.
v. STRICKLAND et al.

ARGUED JUNE 11, 1962—DECIDED JUNE 25, 1962.

*W. A. Wraggs,* for plaintiffs in error.

*Wm. A. Zorn,* contra.

DUCKWORTH, Chief Justice. ■ Since, under certain circumstances there may be a mutual departure from an executory contract, in which case notice of intention to return to the original contract is essential to its enforcement (*Code* § 20-116), yet the allegations of such departure as relate to the time of payment of monthly installments are sufficient to require an overruling of the general demurrers insofar as this matter is concerned. The issue of fact thus made is one for determination of a jury and not one of law. *Powell v. Mars Oil Co.,* 214 Ga. 710 (107 SE2d 208). As to the legal requirements of such departure see *Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695 (58 SE 200); *Southern Feed Stores v. Sanders,* 193 Ga. 884, 887 (20 SE2d 413). The amended petition was not therefore subject to the general demurrer insofar as the admission of the petition that monthly payments were not made on the day provided in the note and deed to secure debt is concerned. The acceleration clause of the deed remains in full force since nothing has transpired to alter it, and it is operative in relation to the monthly

payments in case of a default thereof, but when the default is made depends upon whether there has been a mutual departure, and if so the default would relate to the due date as fixed by the departure. We are trying to make clear that a mutual departure affects only the due date as that is where the departure is made, and it in no wise alters the provision for acceleration in case of default.

■ The next vital question is whether or not the admission in the petition that the taxes due on the property had not been paid accelerates the debt and authorizes the exercise of the power of sale which the petition seeks to enjoin. Copy of the security deed is attached to the petition, and it contains the following clause: "said first party further agrees that if default be made in the prompt payment of the principal debt or installment thereof, or in payment of interest thereon when due or in the payment of any taxes or assessments now or hereafter due on said property . . . then said second party or heirs, administrators, executors, successors or assigns are authorized at option to declare the whole indebtedness due, without notice and sell at public outcry, before the courthouse door of Wayne County, all of said property by this deed conveyed . . ." Thus is seen plainly stated as one condition that authorizes acceleration and sale, default "in the payment of any taxes or assessments now or hereafter due on said property." The petition admits default in the payment of taxes due on said property, and offers no excuse therefor except a dispute with the taxing authorities. The brief of counsel cites Hughes v. Kaw Investment Co., 133 Miss. 48 (97 S 465) and 31 ALR 733 to support the contention that the deed should be construed to mean that if the debtor paid the taxes at any time before the property is sold to pay same, the power to accelerate and sell would not become operative. To so hold would require a nullification of the unambiguous verbiage of the deed. The parties could have so provided in the deed had they wished, but this court will not do so under the guise of construction. Courts have a duty to enforce a contract as the parties deliberately wrote it. This means as the deed provides, that a default in the payment of taxes that are due authorizes the creditor to declare the entire debt due, and exercise

the power of sale and sell the property as provided in the deed.

But counsel cite *Byrd v. Prudential Ins. Co. of America*, 182 Ga. 800 (187 SE 1), to support the contention that failure to pay the taxes does not accelerate the debt, nor authorize a sale under the power of sale. The cited case did involve defaults in the installment payments and the taxes as provided in the deed. But a subsequent agreement was pleaded which altered the original and in reliance upon which the debtor had expended considerable money, and in the light of this, it was held that the sale under the power should be enjoined. The facts here are so materially different that the ruling there is inapplicable here. Here the original deed and all its terms, except a possible change in due date of installments, is in full force and effect. The deed says failure to pay taxes accelerates the due date of the entire debt and authorizes a sale under the power. The petition admits a failure to pay the taxes, and it follows that the acceleration and attempt to sell is expressly authorized by the deed. The accumulation of taxes could increase the amount due beyond the value of the land. If the creditor is not allowed to act when taxes for one year become due and unpaid, then for the same reason would he not be denied the right to act on succeeding years when taxes are unpaid? When could he act as relates to taxes? The terms of the deed plainly answer by saying he can act and accelerate and sell when one due tax charge on the land is not paid. We hold that the petition shows that the actions of the defendant accord with the deed, and hence no grounds for the relief sought are shown, and it was error to overrule the general demurrer to the amended petition.

■ Since it is possible that the petition might be amended to cure the defect ruled upon in division 2 we will rule upon another ground of attack upon the amended petition. The petition as amended admits that the defendant insurance company has paid some taxes for which the petitioners are liable, but it alleges neither payment nor tender of the amount so paid, and in this respect fails to comply with *Code* § 37-104, and thus shows a total absence of a right to maintain this suit. *Stephens v. National Life Ins. Co.*, 179 Ga. 619 (2) (176 SE 772); *Clisby v.*

*City of Macon,* 191 Ga. 749 (13 SE2d 772); *Holloway v. De Vane,* 212 Ga. 182 (1) (91 SE2d 350). The meaning of this rule is well stated in the *Clisby* case, supra, in headnote 2, as follows: "In order to enable plaintiffs to come into equity it was essential in the first instance that they should have paid or tendered the amount admitted to be due. The result of failure in that respect can not be avoided by subsequent payment of the amount admitted to be due."

Therefore plaintiffs' failure to pay or tender to the defendant insurance company the full amount said defendant paid as taxes before filing this petition stands as a bar to any of the relief sought, and this defect is fatal to the further prosecution of this action and requires a reversal of the judgment overruling the general demurrer.

The error in overruling the demurrer renders all subsequent proceedings nugatory.

*Judgment reversed. All the Justices concur.*