## 52053. JONES et al. v. HAMILTON MORTGAGE CORPORATION.

QUILLIAN, Judge.

This is an appeal from the order of the Gwinnett Superior Court, confirming and approving the sale of real estate, by foreclosure without legal process, under a power of sale contained in a deed to secure debt.

Hamilton Mortgage Corporation filed its application

under Code Ann. §§ 67-1503 through 67-1506 (Ga. L. 1935; p. 381) for a confirmation of a sale under powers contained in a deed to secure debt from appellants, J. Owen Jones, Jr. and J. Thomas Jafek, to appellee, Hamilton Mortgage Corporation. Appellants filed an answer to the application denying that the property sold for its true market value, alleging that the debt secured by the deed to secure debt was not due at the time of foreclosure; that all of the loan proceeds had not been disbursed by Hamilton, and that Hamilton was holding sufficient loan proceeds to cure any alleged default, and that the foreclosure sale was not fairly exercised because of Hamilton's breach of the loan agreement and other agreements with appellants.

The case came on for hearing before the trial judge. The parties stipulated the note, deed to secure debt, newspaper advertisements and other documents and further stipulated that no attack was being made upon the technical aspects of the foreclosure. By reason of the stipulations, the issues left for determination by the trial court were (1) whether the property sold for its true market value, (2) whether or not the debt was due at the time foreclosure was commenced, (3) whether or not appellee is entitled to a confirmation of the sale where it is contended that the entire proceeds of the loan have not been disbursed, and (4) whether or not the sale was fairly exercised under the circumstances and agreements between appellee and appellants.

On September 4, 1973, Marett Associates, Inc. executed and delivered to Hamilton a real estate note for $213,700, secured by a deed to secure debt to property in Gwinnett County. On January 18, 1974, Marett transferred the real estate to appellants subject to the indebtedness to Hamilton. Appellants signed the real estate note as additional makers. Marett Associates was released and appellants thereafter stood in their place with reference to the loan. The real estate note incorporated in its provisions the terms and conditions of a certain loan commitment letter dated August 30, 1973. The commitment letter provided that, (using approximate figures) $40,000 would be set aside for payment of interest on the second loan and that $58,000

would be set aside as payment on the first loan. In May 1975, the amount of money set aside for the payment of interest had become exhausted and when, after discussion with the appellants, no money was forthcoming, in July 1975, Hamilton sent them a formal demand for payment of the amount plus imposition of attorney fees. Then Hamilton advertised and foreclosed the loan deed under the power of sale contained therein prior to the date the principal became due, claiming the note to be in default for nonpayment of interest and real estate taxes.

There was evidence in the record that real estate taxes had not been paid and were not paid until October 1975, which was after the sale of August 5, 1975. The record also showed that there was $25,000 in the account set aside for payment of the first loan which had not been utilized in any way but was due to be used on August 29, 1975. On the sale of August 5, 1975, Hamilton bought the property back in at a price of $379 (subject to the first loan). The evidence adduced showed that the property in question was worth between $290,000 and $310,000. This value was less than the amount of the first loan which was in excess of $390,000.

As stated in their brief "appellants contend that the sale should not be confirmed because the debt was not due at the time of foreclosure, all the loan proceeds had not been disbursed and Hamilton breached its loan agreements with appellants." *Held:*

1. In *Schnuck v. West Lumber Co.,* 205 Ga. 827, 828 (55 SE2d 213), the Supreme Court held: " 'The operation of an acceleration clause of a mortgage may be precluded by possession by the mortgagee of funds of the mortgagor sufficient to satisfy the matured portion of the obligation.' In 59 CJS 834, § 511 (b), it is stated: 'The mortgagee [cannot] enforce the mortgage . . where he retains in his hands a part of the money which he was to loan or advance to the mortgagor and refuses to pay it over.' "

We do not find that case to be controlling. Here the appellee and appellants had entered into an agreement regarding what was tantamount to two separate accounts. We cannot hold as a matter of law that the

appellee was required to utilize funds specifically allocated for use on the principal loan to pay on the loan of which the escrow funds were already depleted. See *Moore v. Kime*, 43 Neb. 517 (61 NW 736). Indeed, it is questionable whether the appellee would have had the right to transfer the funds from the amount set aside to be applied to the principal loan in order to meet the demands of the other fund. Furthermore, proof of the failure to pay property taxes operates to accelerate the debt and authorizes a sale under the power of sale. *State Mut. Ins. Co. v. Strickland*, 218 Ga. 94, 96 (2) (126 SE2d 683). Hence the trial judge did not err in finding that the loan was in default and thus permitting a sale. See *Nat. Community Builders v. C. & S. Nat. Bank*, 232 Ga. 594, 595 (207 SE2d 510).

2. The evidence was sufficient to sustain a finding that the amount paid for the property reflected its true market value and to sustain findings as to the legality of notice and advertisement and as to the regularity of the sale, as required by Code Ann. §§ 67-1504 and 67-1505 (Ga. L. 1935, p. 381).

3. The trial judge did not err in refusing to consider evidence offered by the defendants regarding prior and contemporary oral agreements relevant to the written transaction which is the subject of this action. Code § 38-501; *Wilder v. Federal Land Bank*, 176 Ga. 813 (169 SE 13); *Thompson v. Arrington*, 209 Ga. 343, 344 (2) (72 SE2d 293).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 13, 1976 — DECIDED JUNE 17, 1976 — REHEARING DENIED JULY 8, 1976 —

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader, Donald A. Rolader,* for appellants.

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellee.