## 35759. BOZEMAN v. HORTON.

MARSHALL, Justice.

In 1975, the plaintiff-appellant purchased certain improved real estate from the defendant-appellee. He executed as partial payment therefor a promissory note in the amount of $130,000, which was secured by a deed to secure debt. In January of 1977, the plaintiff executed a successor note to the previous note in the amount of $126,789.06, which was likewise secured by the security deed. Under the security deed, the plaintiff is required to "keep the property insured during the continuation of this loan and to pay the premiums of insurance when due; to pay all taxes on said property when the same fall due and before the levy or advertisement of any tax execution thereon." If the plaintiff does not pay the insurance premiums or taxes as required by the security deed, then "[t]he entire principal of said debt shall become due and payable at once if the [grantee] shall so elect . . . and by these presents is authorized to sell at public outcry . . . all of said property."

The plaintiff normally carried three policies of insurance on the property (referred to as Policy No. 1, Policy No. 2, and Policy No. 3). Policy No. 1 was cancelled on June 30, 1979. The plaintiff was notified that Policy No. 2 would be cancelled effective July 13, 1979. The plaintiff remitted the premium payments on this insurance policy in order to avoid cancellation, but the insurance policy was cancelled for lack of an underwriter's report. The plaintiff was notified that Policy No. 3 would be cancelled effective August 8, 1979, and it was. In addition, the plaintiff failed to pay the ad valorem taxes on the property for 1977 and 1978, and tax fi. fa.'s have been issued.

On July 13, 1979, the defendant began advertising the property for sale at foreclosure because of: (1) default in payment of the indebtedness, (2) default in payment of taxes, and (3) allowing the insurance on the improvements on the property to lapse for failure to pay

premiums. The plaintiff brought this suit to enjoin the foreclosure sale on July 26. The trial court issued a temporary restraining order on that date. However, after the interlocutory injunction hearing on August 3, the trial court dissolved the temporary restraining order and denied the plaintiff an interlocutory injunction to restrain the foreclosure sale. The trial court refused to enjoin the foreclosure sale on the ground that the plaintiff was in default under the security deed for failure to pay ad valorem taxes and failure to keep the property adequately insured. The plaintiff appeals.

1. First, the plaintiff argues that he is not in default under the terms of the security deed for failure to pay taxes on the property, because there has not been a "levy or advertisement of any tax execution thereon." We disagree. As we read the security deed, the plaintiff must pay the taxes on the property *both* "when the same fall due" and "before the levy or advertisement of any tax execution thereon." Therefore, the plaintiff is in default under the terms of the security deed for failure to pay the taxes on the property when they fell due.

The plaintiff cites *State Mut. Ins. Co. v. Strickland,* 218 Ga. 94 (126 SE2d 683) (1962) as authority in support of his position. In *Strickland,* the grantor of a security deed agreed that if he defaulted in the payment of taxes "now or hereafter due on said property," the grantee would have the option to declare the entire indebtedness due and sell the property after advertisement. This court rejected the grantor's argument that if he paid the taxes at any time before the property was sold, the power to accelerate and sell would not become operative. The court noted that, "[t]he parties could have so provided in the deed had they wished . . ." 218 Ga., at p. 96. We reject the plaintiff's argument that the parties so provided in the security deed under consideration.[1]

---

[1]In our opinion, the security deed would be subject to the interpretation advanced by the plaintiff, if it required the plaintiff to pay the taxes "when the same fell due" *or* "before the levy or advertisement of any tax execution thereon."

2. Second, the plaintiff argues that the trial court erred in ruling that he was in default for failure to keep the property adequately insured. He contends that at the time of the interlocutory injunction hearing on August 3, Policy No. 3 was still in effect. (As we have previously stated, Policy No. 3 was, however, cancelled on August 8.) He also contends that since both parties mistakenly assumed that Policy No. 2 was being cancelled for nonpayment of premiums, he should have been given a reasonable time to obtain replacement insurance before the security deed was foreclosed. Cf. *Provident Savings &c. Soc. v. Ga. Industrial Co.,* 124 Ga. 399 (52 SE 289) (1905).

The amounts of Policy No. 1 and Policy No. 2 are not disclosed in the record. The amount of Policy No. 3 was $25,000, and the plaintiff admits that this was insufficient to cover a total loss to the improvements on the property. Policy No. 1 was cancelled approximately five weeks before the interlocutory injunction hearing. Policy No. 2 was cancelled three weeks before the hearing. Policy No. 3 was cancelled five days after the hearing. Under these circumstances, the trial court did not err in ruling that the plaintiff had failed to adequately insure the property.

We hold that the trial court did not abuse its discretion in refusing to enjoin the foreclosure sale.

*Judgment affirmed. All the Justices concur, except Jordan, Hill and Clarke, JJ., who dissent.*

ARGUED JANUARY 21, 1980 — DECIDED FEBRUARY 5, 1980.

*Johnny B. Mostiler,* for appellant.
*Andrew J. Whalen, III,* for appellee.