66171. SOUTHWEST PLASTER & DRYWALL COMPANY, INC. v. R. S. ARMSTRONG & BROTHERS COMPANY, INC.

DEEN, Presiding Judge.

On August 18, 1980, appellant executed an equipment lease agreement with the appellee, agreeing to pay $1500 monthly rental for a gasoline-powered forklift. A few weeks later, either because of malfunctioning of this forklift or because the appellant requested a more powerful machine, the appellee replaced the gasoline-powered lift with a diesel-powered lift. Subsequently, on occasion a mechanic employed by the appellee traveled to the appellant's job site and repaired the forklift. When the appellee retrieved the diesel lift in December 1980, the engine required a complete overhaul which cost $8212.80. There was evidence that the extensive engine failure resulted from a lack of proper maintenance.

Clause 2 of the written lease agreement provided that "Lessor shall not be obligated to make any repairs to or replacements of the Equipment, and Lessee shall not incur for Lessor's account or liability any expense therefor without Lessor's prior written consent . . . After the passage of two business days as aforesaid, Lessee shall effect and bear the expense of all necessary repairs, maintenance and replacements." Clause 4 of the agreement further provided that the "Lessee shall indemnify and save Lessor harmless from any and all injury to or loss of the Equipment from whatever cause . . ."

Appellee commenced this action to recover the expenses of

rebuilding the forklift's engine and the rentals lost during the time the machine was being repaired. The trial court granted summary judgment for the appellee on the issue of liability but reserved the issue of damages for trial. Appellant here contends that genuine issues of fact existed as to whether the original, written lease agreement applied to the substituted, diesel-powered forklift, and whether there was a parol modification of the written contract concerning the liability for maintenance and repairs. *Held:*

OCGA § 13-4-4 (Code Ann. § 20-116) provides that "[w]here parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement..." Whether the conduct of the parties constitutes a mutual departure from and a waiver of a contract provision ordinarily is a question of fact for the jury. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (195 SE2d 417) (1973); *Crawford v. First Nat. Bank,* 137 Ga. App. 294 (223 SE2d 488) (1976). A mutual departure from one contract term, however, does not affect the enforceability of the other contractual provisions. *State Mut. Ins. Co. v. Strickland,* 218 Ga. 94 (126 SE2d 683) (1962).

Both parties clearly agreed to the substitution of the diesel-powered forklift for the gasoline-powered lift described in the written contract. Regardless of the reason appellant requested replacement of the original forklift, the appellee complied with the request and the appellant continued to pay the regular monthly rentals. Such subsequent performance was sufficient consideration to support the "quasi-new agreement" defined by OCGA § 13-4-4 (Code Ann. § 20-116). *Lester v. Trust Co. of Ga.,* 144 Ga. App. 526 (241 SE2d 633) (1978). Absent any mutual departures from any other contractual provisions, the original lease agreement thus would determine the rights and liabilities of the appellant concerning the diesel-powered forklift.

We find, however, sufficient evidence to raise an issue of fact as to whether both parties also departed from the contract clause which required the appellant to maintain and repair the machine. The appellee admitted that it had performed occasional maintenance and repair on the forklift, although it attempted to explain such conduct was strictly voluntary and done primarily to protect its investment in the equipment. This performance conflicted with the written lease provision which required appellant to maintain and repair the machine, and it posed a question for the jury as to whether this conduct resulted in a waiver of that provision. Insofar as the damage resulted from improper maintenance and repair, the question of

waiver also extends to the lease indemnity clause for "loss of the Equipment from whatever cause." Accordingly, the trial court erred in granting the partial summary judgment for the appellee.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED APRIL 21, 1983.

*Eugene C. Black, Jr.,* for appellant.
*W. Douglas Divine,* for appellee.