### 40429. DUNCAN v. LAGUNAS.
(316 SE2d 747)

BELL, Justice.

This case concerns whether the appellee, Lagunas, had the authority to accelerate the balance of a note executed by the appellant, Duncan, and then proceed to foreclose on the real property conveyed

in exchange for the note and pledged as security therefor.

On March 20, 1982, Lagunas conveyed certain real property to Duncan in exchange for Duncan's execution and delivery to him of a promissory note and security deed. The note was payable in 120 consecutive monthly installments, and it provided for the first payment to be made on March 20, 1982, and for the rest of the installments to be made on the 20th day of each succeeding month. Duncan's January, February, and March 1983 payments were six, nine, and four days late respectively, and Lagunas, although he accepted these payments, orally protested their tardiness. Lagunas, however, did not accept Duncan's April payment, which he received sometime between May 8 and May 10, 1983; instead, Lagunas sent a notice of acceleration to Duncan on May 12, 1983, and returned the check on May 17, 1983.

Lagunas subsequently published the required notice of foreclosure and was proceeding to foreclose on July 5, 1983, when Duncan obtained a temporary restraining order stopping the foreclosure sale. However, after a hearing the court declined to convert the temporary restraining order into an interlocutory injunction, finding that a default existed as to the April 20 payment, and that the foreclosure sale originally scheduled for July 5 should have taken place. Duncan now appeals. We affirm.

1). We first address Duncan's argument that the trial court should have granted him injunctive relief because he and Lagunas had mutually departed from the terms of the note requiring payment on the 20th of each month. Duncan argues that because, after the mutual departure, Lagunas did not provide Duncan with reasonable notice of his intention to rely upon the note's specified payment date, Lagunas did not have the authority to accelerate the balance of the note on the ground that Duncan failed to comply with the note's April 20, 1983 payment date.

Although we agree with Duncan's statements concerning the law of mutual departure, see OCGA § 13-4-4; *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8 (1) (3) (195 SE2d 417) (1973); *Verner v. McLarty*, 213 Ga. 472 (1) (99 SE2d 890) (1957); *Crawford v. First Nat. Bank*, 137 Ga. App. 294, 295-296 (223 SE2d 488) (1976), we disagree with his assertion that he and Lagunas had mutually departed from the terms of the promissory note. For a departure from the terms of a contract to be sufficient to require notice by one of the parties of his or her intention to insist upon strict compliance with the contract, the departure must be mutual and intended, such that the parties have essentially a new agreement concerning the requirements of the original contract. *Continental Cas. Co. v. Union Camp Corp.*, supra, 230 Ga. at 11; *Crawford v. First Nat. Bank*, supra, 137 Ga. App. at 295-96. Although Duncan may have unilaterally inter-

preted Lagunas' acceptance of several of his late payments as a waiver of the necessity to strictly comply with the specified payment schedule, there is no evidence that that was Lagunas' intention. In fact, Lagunas' oral expression of displeasure with the late payments shows that he did not intend to waive the requirement that Duncan make his future payments on the 20th day of each month. See *Continental Cas. Co. v. Union Camp Corp.*, supra, 230 Ga. at 11-12; *Crawford v. First Nat. Bank*, supra, 137 Ga. App. at 296-297. For this reason, Duncan's argument that the trial court should have granted injunctive relief because there was a mutual departure from the payment date specified in the note is without merit.

2). Having found that there was no mutual departure from the terms of the parties' agreement, the resolution of this dispute depends upon whether Lagunas, pursuant to the terms of the note and security deed, was required to notify Duncan of his decision to accelerate the balance of the note. If notice was required, then Duncan's late tender of the April 20 payment would have cured his default and enabled him to prevent acceleration and foreclosure, because the tender was made prior to his reception of Lagunas' letter notifying him of the acceleration. *Lee v. O'Quinn*, 184 Ga. 44 (2) (3) (190 SE 564) (1937); Pindar, Ga. Real Est. Law, § 21-48. If no notice of acceleration was required, then Lagunas had the power to accelerate the balance of the note upon receipt of Duncan's late tender of the April 20 payment, and then proceed to foreclose. *Lee v. O'Quinn*, supra, 184 Ga. at. 46; Pindar, supra, § 21-48; *Oak Mountain Development Corp. v. Harrell*, 162 Ga. App. 186 (1) (290 SE2d 177) (1982).

The relevant part of the promissory note provides that if a default occurs, then the unpaid balance of the principal, "at the option of the holder [Lagunas] hereof, may become due and payable . . .," and the corresponding provision of the security deed states that if a default occurs, then Lagunas "may, without notice, declare any and all of the indebtedness secured hereby immediately due and payable." Duncan acknowledges that the security deed does not require notice of acceleration, but he argues that the note does require such notice, and that this conflict should be resolved by giving effect to the language of the note.

In *Fulton Nat. Bank v. Horn*, 239 Ga. 648, 650 (238 SE2d 358) (1977), we held that "[w]here the parties agree that in the event of default the creditor 'may declare' acceleration, the exercise of the option to declare acceleration must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor of acceleration, *Lee v. O'Quinn*, supra, but where the parties agree that in the event of default the creditor 'may declare' acceleration 'without notice' to the debtor, *Lee v. O'Quinn* is not applicable and, according to the agreement, notice of the declaration of

acceleration need,not be communicated to the debtor." *Fulton Nat. Bank v. Horn,* supra, 239 Ga. at 650.

In the instant case we perceive no conflict between the provisions of the note and security deed concerning whether notice of acceleration is required. The note makes no mention of notice, whereas the security deed specifically states that no notice of acceleration is required. We thus find that we must give effect to the specific "without notice" language agreed to by the parties. *Fulton Nat. Bank v. Horn,* supra, 239 Ga. at 650. Consequently, Lagunas was under no duty to notify Duncan of his decision to accelerate the balance of the note, and it was unnecessary for him "to do anything other than reject the untimely tender" in order to exercise his right of acceleration. *Oak Mountain Development Corp. v. Harrell,* supra, 162 Ga. App. at 187.

For the above reasons, the trial court correctly denied Duncan's motion for an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 1984.

*Wilson & Trotter, William A. Trotter III, Allen N. Bradley,* for appellant.

*Marilyn H. Lumpkin,* for appellee.