**UNITED STATES of America, Plaintiff,**

v.

**Frederick E. SALZILLO, Jr., Defendant.**

**Civ. A. No. 1:87–CV–1167–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 29, 1988.

Judson Harwood Hill, Office of U.S. Atty., Atlanta, Ga., for plaintiff.

Charles M. Dalziel, Jr., Savell & Williams, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This student loan recovery action is before the court on the plaintiff's motion for summary judgment, the defendant's motion to strike an affidavit, and the plaintiff's motion for enlargement of time to file motion for summary judgment (filed November 25, 1987). The latter motion is unopposed and is therefore granted. For the reasons discussed below, the plaintiff's motion for summary judgment will be granted and the defendant's motion to strike will be denied as moot.

Between January 1969 and November 1974, the defendant received five student loans insured by the United States Department of Education totaling $6,400. The notes required repayment beginning no more than ten months after the defendant ceased carrying at least one-half of the normal full-time academic workload at an eligible institution and, in any event, complete repayment within fifteen years of the loan dates. The parties are in substantial disagreement on the time at which the defendant's obligations under the notes began to run. The plaintiff contends that the defendant became liable on the first of the five notes in early 1973 and on the remaining notes in early 1978. The defendant contends that he was still a student as late as September 1982. In any event, the defendant does not deny that his repayment obligations had begun as of the date the plaintiff filed suit.

The plaintiff contends, and the defendant denies, that the lenders notified the defendant in 1978 that he was in default on his loans. It is undisputed that the lenders submitted a claim to the United States Department of Education for payment of the five loans and that the United States paid the lenders the full amount. The defendant contends that, on an unspecified date, he entered into an oral agreement with the Department of Education to make payments of $20.00 a month on the balance due. He contends that in November 1983, the oral agreement was modified to call for payments of $50.00 a month. The plaintiff denies that any such agreement was entered into, but concedes that the defendant has made payments on the debt in amounts ranging from $20.00 to $200.00 since 1974. Payments were not made every month, but the defendant has paid a total of $4,099.66 as of the date of the plaintiff's motion for summary judgment.[1]

In response to the plaintiff's motion for summary judgment and in answer to the plaintiff's complaint, the defendant admits that a balance remains unpaid on the loans he obtained but denies that he is in default on the debts because of the alleged repayment agreement calling for monthly payments of $50.00. The defendant contends that he was complying with the alleged oral agreement at the time this action was filed and that the motion for summary judgment should be denied either because the oral agreement was a quasi-new agreement between the parties or an accord and satisfaction or because the plaintiff's claims to immediate full payment are barred by estoppel or waiver. There is some case law in support of the defendant's argument that the evidence in the record raises a question of fact with regard to his quasi-new agreement defense that would preclude summary judgment. *See, e.g., Greater Leasing, Inc. v. Hill*, 158 Ga. App. 547, 281 S.E.2d 303 (1981); *see also* O.C.G.A. § 13–4–4.

Even assuming that the defendant's version of the facts is correct, summary judg-

---

1. For example, the computer printout of the defendant's loan payment history attached to the plaintiff's statement of material facts shows that no payments were made in 1980 but that, in the forty-two months since the defendant allegedly agreed to pay $50.00 a month in November 1983, the plaintiff has made thirty-five payments.

ment for the plaintiff is proper on another ground. According to the defendant:

> [T]he government agreed that Mr. Salzillo could satisfy his indebtedness to the United States Government by paying the sum of $20.00 per month. This monthly payment was later increased, by agreement between Mr. Salzillo and the United States Department of Education, to $50.00 per month in November of 1983.

Response to Plaintiff's Statement of Material Facts, ¶ 9. Even if the agreement to vary the payment amounts and duration was a mutual departure from the original contract terms under O.C.G.A. § 13–4–4,[2] the remaining provisions of the original contracts remained in full force. *State Mutual Insurance Company v. Strickland,* 218 Ga. 94, 95, 126 S.E.2d 683 (1962); *Southwest Plaster and Drywall Company, Inc. v. R.S. Armstrong and Brothers Company, Inc.,* 166 Ga.App. 373, 374, 304 S.E.2d 500 (1983). Specifically, here, as in *Strickland,* the "mutual departure affects only the due date as that is where the departure is made, and it in no wise alters the provision for acceleration in case of default." 218 Ga. at 96, 126 S.E.2d 683.

It is undisputed that the acceleration clause in the notes in question states: "In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable." It is also undisputed that, among other missed payments, the defendant failed to make any payment in May 1987, the month prior to the filing of this suit. Therefore, as of May 1987, if not before, the plaintiff was entitled to accelerate repayment of the loans. While the debtor is entitled to some notice of the creditor's decision to declare the whole principal due, the filing of suit for the entire debt is sufficient notice. *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 451, 191 S.E.2d 121 (1972).

Accordingly, the defendant is liable for the entire balance of his obligation to the plaintiff and the plaintiff's motion for summary judgment is GRANTED. Judgment shall be entered against the defendant for the $2,300.34 in principal and $3,057.28 in interest due as of April 21, 1987, plus interest at seven percent per annum from April 21, 1987 to the date of this order, plus interest from the date of this order at the current legal rate, plus costs.

The defendant's motion to strike the affidavit of Freda Heppner is DENIED as moot and the plaintiff's motion for enlargement of time to file motion for summary judgment is GRANTED.

---

**2.** O.C.G.A. § 13–4–4 provides:
Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue

the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice.