A01A0147. CRAWFORD et al. v. ETHERIDGE.
(546 SE2d 551)

ELDRIDGE, Judge.

This is an appeal from the trial court's award of summary judgment on the issue of attorney fees to plaintiff-appellee Champ Etheridge, Sr. on his complaint for balance due on debt and writ of possession filed against defendant-appellant Bibb Auto Salvage & Recycling ("business") and the owner thereof, Eddie L. Crawford, Jr. Construing all facts and inferences in favor of nonmovant Crawford, as we must,[1] we reverse the trial court's grant of summary judgment.

Crawford executed a promissory note ("Note") in favor of Etheridge for the principal sum of $75,000 to be paid in annual installments of $15,000 each, plus accrued interest, beginning on December 1, 1998, and continuing on the first of each December for five years until paid in full. The Note contains an acceleration clause which states

> [s]hould any installment not be paid when due, the entire unpaid principal sum evidenced by this note, shall, at the option of the holder, and without notice to the undersigned, become due and may be collected forthwith, time being of the essence of this contract. It is agreed that failure of the holder to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or stop the holder from exercising such right.

In addition, the Note specifically provides that "[i]f this note is collected by law, as through an attorney at law, all costs of collection, including reasonable attorney's fees, shall be paid by the maker hereof." At the same time, Crawford executed a security agreement

---

[1] *Barlow v. Orkin Exterminating Co.*, 196 Ga. App. 822, 823 (397 SE2d 170) (1990).

in favor of Etheridge, granting him a security interest in the assets of the business.

Crawford was seven days late with the first installment payment, which was two days beyond the five-day grace period. Etheridge accepted the late payment, and a $500 late fee was assessed pursuant to contract. Crawford paid the late fee. Six months later, in June 1999, Etheridge through counsel sent a letter notifying Crawford that "[s]aid account being in default, [Etheridge has] elected to declare the entire balance due and payable as provided by the terms of your agreement." The letter also stated that "[y]ou have ten (10) days in order to pay the above-stated balance in full in order to avoid the attorney fees assessment [pursuant to OCGA § 13-1-11]."

Crawford did not pay. Etheridge filed suit for balance due on the note and for writ of possession of the assets of the business, in the event the balance due was not paid. Thereafter, apparently voluntarily, Crawford paid all sums due under the Note. Our examination of the record does not reveal a court-ordered resolution to the two suits filed by Etheridge, and neither party directs this Court's attention to such. However, the record is clear that attorney fees went into the registry of the court, and both parties filed for summary judgment with regard thereto. The trial court found for Etheridge on the issue. *Held*:

Crawford claims error in the trial court's award of attorney fees to Etheridge. In doing so, Crawford contests the validity of the underlying actions on which the award was premised, i.e., Etheridge's complaint for balance due on debt and for writ of possession. Crawford contends that "[i]f [he] had actually been in default, Etheridge would have had the right to accelerate the note; however, [he] was not in default because Etheridge accepted his check." Crawford claims that Etheridge's acceptance of the late December 1, 1998 payment cured the default and thereby precluded Etheridge's right six months later to exercise the acceleration clause of the Note because of the prior December 1, 1998 default. We agree.

In this case, under the express terms of the Note, Etheridge was under no duty to notify Crawford of his decision to accelerate the balance due, prior to making such election. In fact, "it was unnecessary for him 'to do anything other than reject the untimely tender' in order to exercise his right of acceleration."[2]

Etheridge, however, did not reject Crawford's tender, but permitted him to cure the default by accepting the seven-days-late Decem-

---

[2] (Citation omitted.) *Duncan v. Lagunas*, 253 Ga. 61, 63-64 (2) (316 SE2d 747) (1984); see also *Menke v. First Nat. Bank of Atlanta*, 168 Ga. App. 495, 496 (309 SE2d 835) (1983) (holder "refused . . . tender and insisted upon payment [in] full [of the] accelerated balance"); *Oak Mountain Dev. Corp. v. Harrell*, 162 Ga. App. 186 (1) (290 SE2d 177) (1982).

ber 1, 1998 installment payment and the $500 late fee payment. Thereafter in June, six months after Crawford was no longer in default, Etheridge opted to exercise the acceleration clause of the Note, declaring "said account being in default." By that time, however, the prior, cured default provided no basis for acceleration, and the next installment payment was not due for another six months, i.e., December 1, 1999.

> Here, time was of the essence, and [Etheridge] as holder was entitled, upon default, at his option, to declare the entire indebtedness due and payable and same "may be collected forthwith." . . . From our examination of the evidence found in the record, . . . [Etheridge] failed to assert promptly his rights to declare to [Crawford] that he was forthwith declaring the acceleration of the indebtedness while the loan was in default (non-payment of the [December] 1[, 1998] payment). The loan became current upon the receipt of the [December] 1[, 1998] payment.[3]

(a) Etheridge contends that Crawford "admitted owing the debt by paying all sums due under the note." However, such contention misses the point. Crawford never denied owing the debt; the Note itself is prima facie proof of Crawford's debt. What is at issue are the attorney fees generated by the acceleration of the debt due to Crawford's alleged default. And Crawford's payment of the debt neither admits that Crawford was in default nor admits that Etheridge had a right to accelerate the debt because of any default status.

(b) Etheridge also contends that the following language in the Note permits him to accept a late payment and still retain the right to accelerate the loan:

> It is agreed that failure of the holder to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or stop the holder from exercising such right.

Clearly, however, this clause goes to the concerns addressed by OCGA § 13-4-4 wherein the conduct of the parties can be seen as waiving express terms of an agreement.[4] Such clause permits Ether-

---

[3] *Redmond v. Merrill Lynch Relocation Mgmt.*, 163 Ga. App. 346, 350-351 (294 SE2d 575) (1982).

[4] Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the

idge to accept Crawford's late payments without changing the payment terms of the contract and without waiving the right to accelerate the loan in the event *future* late payments create a default.[5] Such clause, however, does not permit Etheridge to accept Crawford's late installment payment, thereby curing any default;[6] charge a late fee and accept such, which indicates a waiver of acceleration; six months later, unilaterally declare Crawford still in default; and *then* elect to accelerate the loan based on the same, cured default.

(c) Etheridge contends that only payment of the entire amount of the debt could cure any default. However, the express terms of the Note negate such contention. The acceleration clause plainly states that acceleration occurs only "at the option of the holder" and "if the holder of this note should elect, because of such default, to declare the unpaid balance of the principal sum due and payable." Accordingly, acceleration of the loan was not automatic. Instead, an election was required. " 'Where the election to accelerate is declared *prior to the tender of arrearage*, the rights of the parties are the same as if the entire note had by its terms become due immediately upon default.' "[7] Here, the record shows that Etheridge made no election to accelerate the loan until long after the default had been cured by Crawford through tender of the December 1, 1998 installment payment and the acceptance thereof by Etheridge. Further, the charge and acceptance of a late fee indicate a waiver of the right to accelerate the loan amount.

> Forfeitures of rights under valid legal contracts are not favored under law. Our courts generally are quick to seize upon any waiver of a forfeiture, the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture cannot be recalled.[8]

Under the circumstances presented here, we conclude that Etheridge's failure to promptly exercise his right under the Note to

---

other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice.
OCGA § 13-4-4.

[5] See *Gordon v. South Central Farm Credit*, 213 Ga. App. 816, 819 (446 SE2d 514) (1994).

[6] See OCGA § 11-3-304 (b) (1) ("If the principal is payable in installments and a due date has not been accelerated, the instrument becomes overdue upon default under the instrument for nonpayment of an installment, and the instrument remains overdue until the default is cured.").

[7] (Emphasis supplied.) *Chapman v. Nation*, 193 Ga. App. 632, 634 (2) (388 SE2d 744) (1989).

[8] (Citation and punctuation omitted.) *Forehand v. Perlis Realty Co.*, 198 Ga. App. 165, 170 (2) (400 SE2d 644) (1990); *Redmond v. Merrill Lynch Relocation Mgmt.*, supra at 351; see also OCGA § 23-1-23.

accelerate the loan prior to accepting Crawford's December 1, 1998 tender waived his right to do so based on any default with regard to such December 1, 1998 tender. Accordingly, we find the trial court erred as a matter of law in granting summary judgment to Etheridge on the issue of attorney fees engendered through and related to collection of the loan accelerated because of an alleged default in the December 1, 1998 payment.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 5, 2001.

*Burkett & Schneider, Gene Burkett,* for appellants.
*Phillips & Phillips, Arthur L. Phillips,* for appellee.